FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 3662

OMNI SOLO, INC.,

                Plaintiff,

-against-

LISA MAYER and DEBRA MAYER,

                Defendants.

Case No.: _____cv_____ (____)

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
MAY 22 2014
U.S.D.C. S.D. N.Y.

OMNI SOLO, INC., ("Omni"), by and through its attorneys in this action, The Chartwell Law Offices, LLP, as and for its Complaint against defendants herein, alleges upon information and belief as follows:

## NATURE OF THE ACTION and BACKGROUND

1. Omni seeks relief to redress a willful breach of contract by defendants LISA MAYER and DEBRA MAYER, (collectively, "The Mayers"), and their concomitant efforts to avoid paying Omni for advisory, investigatory, and consulting services furnished over the course of an eleven (11) year period to and through the present. Omni's services were a primary factor in enabling The Mayers to court orders awarding them restitution for a Ponzi-type securities fraud committed against them by third parties that caused them to sustain financial damages, which, upon information and belief, exceeded of Nineteen Million Dollars ($19,000,000.00).

2. Omni uncovered and clarified the mechanism of the fraud, permitted The Mayers to obtain judgments in New York State Court against the perpetrators of the fraud, and prominently figured in the institution of both criminal charges by the U.S. Attorney and a civil action seeking *inter alia* disgorgement, fines, and penalties, by the Securities and Exchange

Commission, (the "SEC"). The outcome of these actions has been restitution orders and judgments in favor of The Mayers.

3. Upon information and belief, the fraud resulted in financial hardship for The Mayers. During the course of the above process, Omni has accommodated them by partially deferring its right to compensation for its services, while continuing to work both with The Mayers' legal counsel and federal prosecutors to protect The Mayers' interests.

4. Nonetheless, having received the benefits of Omni's services, and with successful results thereof imminent, on the eve of actual payment of restitution to The Mayers out of funds that were seized by federal authorities, The Mayers now refuse to satisfy the obligations they assumed in the written retainer agreement they entered into with Omni to pay Omni for its services. Omni accordingly has no alternative than to seek legal relief to protect its own right to the fee The Mayers agreed to pay, credited for interim payments which The Mayers have already made.

## THE PARTIES

5. Omni is a business corporation organized and existing pursuant to the law of the State of Connecticut that has its principal offices located at 25 River Road, Ste 3204, Wilton, Connecticut, 06897.

6. Defendant LISA MAYER is a natural person currently residing, upon information and belief, at 71 Malverne Road, Scarsdale, NY 10583.

7. Defendant DEBRA MAYER is a natural person currently residing, upon information and belief, at 71 Malverne Road, Scarsdale, NY 10583.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to Section 1332(a)(1) of Title 28 of the U.S. Code, insofar as complete diversity of citizenship exists as between plaintiff Omni and all defendants herein, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. This district is a proper venue for this action pursuant to Section 1391(b)(1) of Title 28 of the U.S. Code, insofar as defendants both reside in the State in which this District is located.

## FACTS RELEVANT TO ALL CLAIMS AND CAUSES OF ACTION

10. Since 1976, Omni has been in the business of providing professional financial and operational consultation services including forensic, investigations, accounting, litigation support, and coordinated strategic planning in the context of complex financial transactions. Omni's consulting services include asset protection, asset recovery.

11. Prior to 2003, the Mayers invested funds in excess of Eleven Million Dollars ($11,000,000) with Amerindo Investments Advisors, Inc., ("Amerindo"). Among other vehicles, the Mayers invested in Amerindo's so-called Guaranteed Fixed Rate Deposit Account, ("GFRDA").

12. The GFRDA was promoted by Alberto Vilar, ("Vilar"), and Gary Tanaka, ("Tanaka"), as a "super CD" paying a guaranteed interest rate.

13. In or about 2003, Amerindo defaulted and claimed to be unable to pay the promised return on this investment and several other smaller investments The Meyers had made in mutual funds created by Amerindo, Vilar and Tanaka.

14. In 2003, the Mayers retained Omni to investigate the aforesaid investments. Vilar and Tanaka responded by filing suit against The Mayers for defamation, and the Mayers counterclaimed for damages based on *inter alia* Vilar and Tanaka's false and deceptive business practices in violation of New York General Business Law Section 349.

15. On or about October 20, 2003, The Mayers signed a written agreement prepared by Omni, ("the Retainer Agreement").

16. The Retainer Agreement specified that in consideration of Omni's services, The Mayers agreed to pay Omni on the following Terms:

   a. An Initial Retainer of Five Thousand Four Hundred Dollars ($5,400.00);

   b. Invoices for actual time expended at a rate of Three Hundred Fifty Dollars ($350.00) per hour, plus travel and other disbursements, invoiced monthly;

   c. A fee of Fifteen Percent (15%) payable at Closing of any recovery resulting directly or indirectly from the consultation and/or negotiations performed by Omni Solo, Inc., with all paid invoices for hourly services previously provided to be credited; and

   d. A fee of Five Percent (5%) payable at Closing of any financing resulting directly or indirectly from the consultation and/or negotiations performed by Omni Solo, Inc.

17. Thereafter, The Mayers brought to Omni's attention that they were experiencing dire financial circumstances. As an accommodation to The Mayers, Omni entered into a further Agreement that was signed by The Mayers on or about October 22, 2003, ("The Accommodation").

18. The Accommodation provided, in pertinent part, as follows:

   This will confirm our Agreement on the following items:

   1) As an accommodation to you while you are experiencing cash flow shortages, we will accept your payment of 50% of our Invoiced Fee and will accrue 50% Disbursements and Reimbursements of all expenses will be paid in full.

   2) In the event that the Recovery of your debt is achieved in a timely matter [sic] (within 90 days) of demand and without intervention by us, the Success Fee will be reduced from 15% to al ump sum of only $250,000 (Two Hundred Fifty Thousand Dollars) without deductions or offsets in addition to our full monthly Invoiced Fees.

19. Following execution of the above Retainer, Omni acted as a consultant and investigator, uncovered and marshaled relevant evidence, and otherwise provided services in good faith to assist The Mayers in defending against Vilar and Tanaka's claims, as well as proving the magnitude of the fraud perpetrated by Vilar and Tanaka.

20. In 2005, due, in part, to the work performed by Omni in confirming the fraudulent character of Amerindo, Vilar's, and Tanaka's conduct, Amerindo, Vilar and Tanaka became the subject of civil claims by the Security and Exchange Commission, ("SEC"), assigned SDNY Case Number 05cv5231 (RJS), *"U.S. Securities and Exchange Commission against Amerindo Investment Advisors, et al.",* as well as criminal charges instituted by the United States Attorney in the United States District Court for the Southern District of New York that were ultimately assigned SDNY Case Number 05cr621 (RJS), *"United States v. Vilar et al."*.

21. On November 19, 2008, a jury convicted Vilar on all twelve (12) counts of his indictment, and convicted Tanaka on counts one, three and four of his indictment. In the parallel civil matter, by Order dated March 11, 2013, District Court Judge Richard J. Sullivan granted summary judgment in favor of SEC and against Vilar, Tanaka, and Amerindo, and compelled defendants to disgorge profits out of which the victims of their fraud, including the Mayers, would receive restitution.

22. While the aforesaid federal actions brought by the U.S. Attorney and SEC were proceeding, the Mayers, represented by counsel, but relying on the evidence developed by Omni, prosecuted claims against Vilar, Tanaka, and Amerindo in New York State court in an action

ultimately captioned *Mayer v. Vilar*, assigned Supreme Court of the State of New York, County of New York Index Number 603234/2004.

23. Based, in part, on the information obtained and strategies developed by Omni, The Mayers were by Order dated August 4, 2011, granted summary judgment on their State-court causes of action against Vilar and Tanaka for breach of contract, breach of General Business Law Section 349 and breach of fiduciary duty, as well as an award of statutory, reasonable attorney fees, as permitted by statute, and were awarded $11,224,936.46.

24. Upon information and belief, The Mayers also obtained other judgments against Vilar, Tanaka, and several corporate entities controlled by Vilar and/or Tanaka for $19,133,299.78, supplemental judgments against Vilar for $2,530,909.21 and judgments against two corporations managed by Vilar and Tanaka for $759,489.30.

25. Thereafter, by Order dated May 6, 2014, Judge Sullivan approved a report of the Receiver who had been appointed in the SEC civil action and directed payment to the Mayers of restitution in the amount of $9,555,984.70 out of funds held by the court-appointed Receiver.

26. The Retainer Agreement entered into by and between Omni and The Mayers has remained in effect from the date of its execution to and through the present, modified only by the Accommodation.

27. While the aforesaid actions have progressed, The Mayers claim to have experienced dire financial circumstances. When Omni sought assurances that The Mayers would satisfy their obligations under the terms and conditions of the Retainer, in particular the contingency fee provision, The Mayers have, until recently, advised that their struggle to satisfy their own financial obligations and pay living expenses made discussion of the matter premature. Omni accommodated their request to delay pressing the issue.

28. Due to their alleged dire circumstances, The Mayers made application in the context of both the federal criminal action and the parallel civil action brought by SEC for interim emergency payments, and, as a result, received payment from funds on deposit with the Court and/or the court-appoint Receiver, upon information and belief, in the total amount of $200,000.

29. In good faith, and in reliance on The Mayers' representation that the funds they received were urgently needed to cover *inter alia* their living expenses, Omni agreed to postpone its claims for its share of these interim emergency payments until such time as The Mayers received payment of their full share of restitution.

30. During the course of their discussions with Omni regarding their request that Omni postpone its right to receive a percentage of the aforesaid interim payments, The Mayers, acting by and through their legal representative(s), never disaffirmed that the Retainer Agreement remained in full force and effect, and never denied that they would honor the original contingency fee agreement.

31. Omni believed The Mayers' representations that they would honor the original contingency fee agreement.

32. In agreeing to postpone its claims for its share of the above interim emergency payments, Omni reasonably relied on the aforesaid representations that were communicated by and on behalf of The Mayers.

33. In consideration for Omni's forbearance, The Mayers moreover agreed that their counsel would hold in escrow a portion of all further restitution payments received equal to the 15% due to Omni pursuant to the Retainer Agreement, together with 15% of the interim

payments that The Mayers had received, less appropriate credit for payments previously made to Omni.

34. On or about April 28, 2014, however, Omni was informed by new counsel retained by retained by The Mayers that they no longer considered themselves bound by the Retainer.

35. The Mayers, through their counsel, and by means of the aforesaid correspondence, denied any legal responsibility for tendering any further payment to Omni.

36. The Mayers, through their new counsel, and by means of the aforesaid correspondence, unequivocally and wrongfully repudiated the Retainer by communicating their express and unmistakable intent to refuse to perform their obligations, including but not limited to paying Omni the fees due and owing pursuant to the Retainer.

## FIRST CAUSE OF ACTION

37. Omni repeats, reiterates and re-alleges each of the foregoing paragraphs and incorporates same by reference as though more set forth at length herein.

38. The Mayers and each of them, and Omni, were and are parties to a legally binding contract and agreement, the Retainer described herein.

39. The Retainer remains legally enforceable and binding to and through the present.

40. The Mayers have repudiated and breached the aforesaid contract and agreement by declaring unequivocally that they lack any obligation to pay Omni the contingency fee and/or other outstanding fees described in the aforesaid contract and agreement.

41. At all times to and through the present, Omni has fully and in good faith performed its obligations as required pursuant to the Retainer Agreement.

42. The Mayers' aforesaid repudiation of the Retainer Agreement constituted an unexcused and unjustified breach thereof.

43. At the time of The Mayers' aforesaid breach, Omni had performed its obligations as required under the Retainer Agreement.

44. The Mayers' breach damaged, and will continue to damage, Omni.

45. By reason of the foregoing, Omni is entitled to a judgment of this Court compelling The Mayers to pay an amount to be determined by the factfinder at the time of trial equal to: (a) Fifteen Percent (15%) of the amount The Mayers are paid as restitution or otherwise in connection with their claims as intervenors in the SEC action against Vilar and Tanaka, with a credit for those hourly invoices The Mayers have heretofore paid for services rendered by Omni; and (b) Five Percent (5%) of any financing arising out of payment of the restitution ordered by the Court in the above-referenced SEC civil action against Vilar and Tanaka.

## CONCLUSION

WHEREFORE, plaintiff OMNI SOLO, INC., respectfully demands judgment:

(1) for breach of contract in an amount to be determined by the factfinder at the time of trial in the amount of Fifteen Percent (15%) of the amount The Mayers are paid as restitution or otherwise in connection with their claims as intervenors in the SEC action against Vilar and Tanaka, with a credit for those hourly invoices The Mayers have heretofore paid for services rendered by Omni;

(2) for breach of contract in an amount to be determined by the factfinder at the time of trial in the amount of Five Percent (5%) of any financing arising out of

payment of the restitution ordered by the Court in the above-referenced SEC civil action against Vilar and Tanaka not heretofore paid to Omni; and

(3) Such other, further and different relief as to this Court seems just and proper.

Dated: New York, NY
May 22, 2014

THE CHARTWELL LAW OFFICES, LLP
By: _____
William H. Grae, Esq.
Attorneys for Plaintiff
OMNI SOLO, INC.
One Battery Park Plaza, 35th Floor
New York, NY 10004
(212) 968-2300

Trial by jury is respectfully demanded.

Dated: New York, NY
May 20, 2014

THE CHARTWELL LAW OFFICES, LLP
By: _____
William H. Grae, Esq.
Attorneys for Plaintiff
OMNI SOLO, INC.
One Battery Park Plaza, 35th Floor
New York, NY 10004
(212) 968-2300